UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM TED HOLLIDAY, Sr.,

    Plaintiff,                                 Civil Action No. 2:09-12758

v.                                        HONORABLE STEPHEN J. MURPHY, III

WALTER A. McNEIL, et. al.,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Before the Court is Plaintiff William Ted Holliday Sr.'s *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Charlotte Correctional Institution in Punta Gorda, Florida. For the reasons stated below, the complaint is dismissed without prejudice**.**

**STANDARD OF REVIEW**

Mr. Holliday has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal of a claim is appropriate if the complaint lacks an arguable basis

when filed.  *Nietzke*, 490 U.S. at 325.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Havard v. Puntuer,* 600 F. Supp. 2d 845, 850 (E.D. Mich. 2009).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

This court will dismiss this claim *sua sponte* because it meets the standard for 28 U.S.C. 1915(e)(2)(B)(i) and (ii) in that the claims alleged are frivolous and do not state a claim on which relief may be granted.

**FACTS**

Mr. Holliday has filed a lawsuit against Walter A. McNeil, the Secretary of the Florida Department of Corrections, Kwame M. Kilpatrick, the former Mayor of the City of Detroit, and David Morgan, the Sheriff of Escambia County, Florida.  Although Mr. Holliday accuses other persons of allegedly violating his constitutional rights, it is unclear whether he wishes to name them as defendants in this case.

Mr. Holliday's primary complaint is that various law enforcement officials in Detroit and Sterling Heights, Michigan plotted with law enforcement officials in Pensacola, Florida to have plaintiff wrongfully arrested and convicted in the State of Florida in 2005 for sexual battery.  Mr. Holliday contends that he was wrongfully convicted of this crime, because the sex between himself and the victim was consensual.  Mr. Holliday claims that these false criminal allegations were in retaliation for a shooting in Detroit, in which plaintiff was somehow involved.

Although not clear from the relief section, Mr. Holliday may also be bringing several challenges to the conditions of his confinement which allegedly occurred while he was incarcerated, first at the Taylor Correctional Institution in Florida, and secondly, at his current place of incarceration, the Charlotte Correctional Institution, in Punta Gorda, Florida. For purposes of brevity, it appears that Mr. Holliday alleges that prison officials at both of these institutions failed to protect him from an assault by another inmate, improperly rejected his request for a transfer to another prison, brought false prison disciplinary charges against him, tampered with his legal mail, tampered with his food, denied him a medically approved bunk, and finally, subjected him to excessive force.

## DISCUSSION

Mr. Holliday's complaint is subject to dismissal for several reasons. His request for money damages for his allegedly wrongful conviction in Florida cannot be granted because his criminal conviction has never been overturned or called into question. His request to have his criminal conviction set aside is only proper in a petition for a writ of habeas corpus, and cannot be considered as part of this civil rights action. This court will not come to a determination on Mr. Holliday's claims related to the conditions of his confinement in Florida prisons because the Eastern District of Michigan is not the proper venue in which to hear those claims.

To the extent that Mr. Holliday seeks monetary damages arising from his criminal conviction in Florida, he is unable to obtain such damages absent a showing that his criminal conviction has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a federal writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. 2254). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004). Because Mr. Holliday does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, any allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *Id.*

To the extent that Mr. Holliday is seeking to have his criminal conviction vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where "a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *Bey v. Gulley,* 2002 WL 1009488, at * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a

4

state court conviction, a prisoner fails to state a claim under § 1983. *Galka v. Cole*, 2008 WL 4562077, at *2 (E.D. Mich., Oct. 9 2008) (citing *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996) (quoting *Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)).  A plaintiff therefore cannot seek declaratory or injunctive relief challenging the fact of his conviction or the duration of his sentence in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).

If Mr. Holliday intended this complaint to request that this Court reverse his criminal conviction, or release him from custody, those requests must be filed as petitions for a writ of habeas corpus, and this Court cannot read a habeas suit into a civil rights complaint. To the extent that Mr. Holliday may be asking this Court to reverse his criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute.  The current defendants would therefore not be the proper respondent and instead, the proper respondent would be  the warden at the Charlotte Correctional Institution in Florida, where Mr. Holliday is currently incarcerated. *See* Rule 2(a), 28 foll. U.S.C. § 2254; *Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

To the extent that Mr. Holliday is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983.  This Court will not, however, convert the matter to a petition for a writ of habeas corpus.  "When a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *McQueen v. Worthy*, No. 07-cv-11293, 2007 WL 1009151, at *2 (E.D. Mich. Mar. 29, 2007) (*quoting Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999)).  "Instead, the matter should be dismissed, leaving it to the prisoner to

5

decide whether to refile it as a petition for writ of habeas corpus." *Id.* This Court should not treat Mr. Holliday's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Additionally, because Mr. Holliday was convicted in Florida and is currently incarcerated in that state, this Court would not have jurisdiction to entertain any habeas challenge to his Florida conviction. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004). Finally, *Heck v. Humphrey* "clearly directs a federal district court to dismiss a civil rights complaint raising claims attacking the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition." *Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004) (*citing Heck v. Humphrey*, 512 U.S. at 487).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Because this Court is dismissing Mr. Holliday's § 1983 complaint under *Heck*, the dismissal will be without

prejudice. *Diehl v. Nelson*, 198 F.3d 244 (Table), 1999 WL 1045076, at * 4 (6th Cir. November 12, 1999) (*citing to Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

Finally, to the extent that Mr. Holliday seeks to challenge various conditions of his confinement in the Florida prisons, this court is not the proper venue to hear and adjudicate those claims. This court, as the federal court for the Eastern District of Michigan, is not the proper venue for claims where all parties involved are located in Florida, and the cause of action arose in Florida. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). 28 U.S.C. § 1406(a) requires the dismissal or the transfer of a case filed in an improper venue. Whether to dismiss a case or transfer it is a matter of the Court's discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Although this Court would normally be inclined to transfer the remainder of Mr. Holliday's claims to the correct district court, the problem with Mr. Holliday's complaint is that it contains several claims which arise out of his confinement in two separate prisons in Florida. The first of these prisons, the Taylor Correctional Institution, is apparently located in the United States District Court for the Northern District of Florida. *See Oliver v. Florida,* 2008 WL 4097599 (N.D. Fla. September 4, 2008). Plaintiff's current place of incarceration, the Charlotte Correctional Institution, is located in the United States District Court for the Middle District of Florida. *See Black v. Bettis*, 2008 WL 906690, at * 1 (N.D. Fla. April 1, 2008). A transfer of a civil action is precluded unless jurisdiction and venue can be established against all defendants in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960); *Johnson & Johnson v. Piccard*, 282 F. 2d 386, 388 (6th Cir.

7

1960); *See also Bunting ex rel. Gray v. Gray*, 2 Fed. Appx. 443, 448 (6th Cir. 2001). Because it appears that venue for any of Mr. Holliday's remaining claims properly lies in two separate districts, and it would be improper to transfer this entire case to one district, this Court will dismiss Mr. Holliday's remaining claims without prejudice. *See Orix Financial Services, Inc. v. J.J. Transp.*, 2008 WL 583692, at * 1 (E.D. Mich. Feb. 27, 2008).

## ORDER

Accordingly, it is **ORDERED** that the complaint [docket entry 1] is **DISMISSED WITHOUT PREJUDICE.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  October 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager